Morley, J.
This is an action of contract in which the plaintiff seeks to recover $347.50 paid by the plaintiff to the defendant under a so-called $50.00 deductible collision insurance policy. The case was submitted on an agreed statement of facts. The court found for the plaintiff in the amount of $50.00 and the plaintiff, claiming to be aggrieved by the finding, the case was reported to this court by the trial justice.
On July 6, 1944, the plaintiff insured the defendant against loss by damage to her automobile under a so-called collision policy. On that date, the said defendant’s car was damaged in a collision with a motor vehicle owned by the U. S. Government and operated by a U. S. Army WAC.
On December 1, 1945, the defendant filed a Proof of Loss with the plaintiff. On page 1 of said Proof of Loss was printed the following:
“The assured hereby subrogates the said company to all rights and causes of action the said assured has against *137 any person, persons or corporation whomsoever for damage arising out of or incident to said loss or damage to said automobile.”
The policy of collision insurance under which claim was made provides “when loss occurs the insured shall (g) Upon payment thereof, assign all rights against, execute and deliver instruments and papers and do everything necessary to obtain recovery from any party or parties for loss for which insurance is provided hereunder. The insured shall not after loss or payment thereof prejudice the subrogation rights of the Company.”
On March 12,1945, the defendant, under the provisions of the insurance policy, was paid by draft in the amount of $347.50.
On November 11, 1944, the defendant filed with the War Department, U. S. Government, a claim for property damage in the amount of $50. Subsequently, the defendant executed and submitted to the War Department, U. S. Government, a statement that she was aware of the fact that she could make amended claim for the entire amount of damage regardless of any insurance reimbursements, but that she did not desire to make this amended claim and was willing to accept $50. from the U. S. Government in full settlement for this accident.
The U. S. Army Eegulations 25-25, issued by the Judge Advocate General’s Department, provides at page 8, under Section 20 “(4) Acceptance Agreements. If the claim is approved for less than the full amount there should, if possible, be obtained from the claimant a written statement signifying his willingness to accept the amount so approved jn full satisfaction and final settlement; if such statement is not obtained the claim may be approved in a lesser amount upon the express condition, to be stated in the action by the approving authority, that the claimant accepts such amount in full satisfaction and final settlement. No such *138 acceptance agreement is necessary if the full amount claimed is approved for payment.”
Under Section 21 of the above-mentioned Army Regulations is provided, “Claims of subrogees. — a. Included.— Settlement will be made solely with the insured, rather than with the insurer or with both the insured and the insurer, in cases of damage, loss, destruction, injury, or death covered by insurance. No inquiry will be made into, nor determination made of, the relative interests as between insured and insurer. The entire claim including any portion thereof insured against, will be filed by or on behalf of the insured and payment of the entire amount approved will be made in the name of the insured. Evidence of authority to file a claim on behalf of the insured may be established by a power of attorney, insurance policy provision or other documentary evidence satisfactory to the approving authority. The foregoing provisions will be equally applicable in cases of subrogation based other than on insurance, b. Not included. Claims by subrogees in their own right are not within the scope of these regulations and will not be considered.”
The claim of the defendant against the U. S. Government was approved for payment by the U. S. Government on December 27,1944 in the amount of $50. in full and final settlement of damage to her automobile in the accident in question. Accordingly, the claim of the insurance company presented for the amount paid in connection with the damage in this case was disapproved by the Service Command Claims Judge Advocate on June 20, 1945.
The defendant breached her contract with the plaintiff by signing the release in favor of the United States Government and in accepting Fifty Dollars in full settlement thereof. The regulations of the Judge Advocate General’s Department of the United States Army are immaterial. In making the claim to which it was subrogated against the *139 Government these regulations created a problem to be confronted by the subrogee.
The insurance contract between the plaintiff and the defendant provided as follows: ‘ ‘ The assured hereby subrogates the said Company to all rights and causes of action the said assured has against any person, persons or Corporation whomsoever for damage arising out of or incident to said loss or damage to said automobile.” The plaintiff was therefor subrogated to all rights, legal and equitable, of the defendant against the United States Government.
The finding of the Court for the plaintiff for $50. was erroneous. The plaintiff is entitled to recover the full amount paid by it to the defendant which was $347.50. (Inter Insurance Exchange of Chicago v. Anderson, 331 Ill. App. 250, 73 N. E. 2nd. 12).